## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   **CRIMINAL NO. H-18-172-1** |
| | § |
| **BILAL AWAD,** | § |
| **Defendant.** | § |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Heather Winter, Assistant United States Attorney, and the defendant, BILAL AWAD ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Second Superseding Indictment. Count One charges Defendant with Conspiracy to Transport Stolen Merchandise in Interstate Commerce, in violation of Title 18, United States Code, Section 371. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 371, is imprisonment of not more than 5 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of not more than 3 years. *See* Title 18, United States Code, sections 3559(a)(4) and 3583(b)(2). Defendant

acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for not more than 2 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(4) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

2

## Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraph 19 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to possession and transportation of stolen merchandise in interstate commerce. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

3

(d)     Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)     Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f)     Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal and Collateral Review

7.  Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s).  In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

4

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

10. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One of the Second Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

5

## Agreement Binding - Southern District of Texas Only

11. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges

6

and agrees that the Court has authority to impose any sentence up to and including the statutory

maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be

imposed is within the sole discretion of the sentencing judge after the Court has consulted the

applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions

regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence

imposed is within the discretion of the sentencing judge. If the Court should impose any sentence

up to the maximum established by statute, or should the Court order any or all of the sentences

imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and

will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

14. Defendant understands that by entering into this agreement, he surrenders certain rights

as provided in this plea agreement. Defendant understands that the rights of a defendant include

the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would
have the right to a speedy jury trial with the assistance of counsel. The trial may
be conducted by a judge sitting without a jury if Defendant, the United States, and
the court all agree.

(b) At a trial, the United States would be required to present witnesses and other
evidence against Defendant. Defendant would have the opportunity to confront
those witnesses and his attorney would be allowed to cross-examine them. In turn,
Defendant could, but would not be required to, present witnesses and other
evidence on his own behalf. If the witnesses for Defendant would not appear
voluntarily, he could require their attendance through the subpoena power of the
court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and
decline to testify, and no inference of guilt could be drawn from such refusal to
testify. However, if Defendant desired to do so, he could testify on his own behalf.

7

### Factual Basis for Guilty Plea

15.  Defendant is pleading guilty because he is in fact guilty of the charge contained in Count One of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Federal law enforcement agents received information that Bilal Awad was in the business of buying over the counter (OTC) medications, which had been stolen from CVS, Walgreens and other retailers. As a result, on January 21, 2016, Homeland Security agents conducted surveillance of a meeting between Mr. Awad and an HSI Confidential Source (CS). The meeting resulted in the CS agreeing to work for Mr. Awad by going out of state to steal OTC. For this, Mr. Awad gave the CS $3,000 in cash for travel expenses. Mr. Awad also provided the CS an address to ship the OTC, that is, to Malina Ana Vulpe, 7001 Synott Rd. #226, Houston, Texas. This location is a Cube Smart storage unit rented by Mr. Awad for the purpose of receiving stolen OTC.

The CS met with Mr. Awad on 7 occasions thereafter. Each meeting was audio and video recorded. At each meeting, the CS represented that he would ship stolen OTC to Mr. Awad from out of state. During each meeting between Mr. Awad and the CS, Mr. Awad gave the CS cash to prepay the CS's travel and other expenses and to pay for the merchandise. Mr. Awad believed that the merchandise he received through the CS was, in fact, stolen.

Over the course of the investigation, HSI agents, CVS and Walgreens organized crime investigators and the CS would prepare shipments of purportedly stolen OTC to ship to Mr. Awad. In all, the government sent 6 shipments of purportedly stolen OTC medications from out of state to Mr. Awad, the retail value of which was $322,564. In return, Mr. Awad paid the CS $77,200

8

to pay for expenses and the merchandise.

On February 28, 2018, HSI agents executed a search warrant at the residence of Mr. Awad and Hiba Ataya, located on Miller Glen, Houston, Texas. Agents seized lists of OTC medications, with pill quantities and price lists and shipping documents addressed to Montaj, Inc. Additionally, agents discovered a trash bag in the office filled with cotton cleaning pads, multiple types of OTC medication, retail stickers from Walgreens and CVS, Home Depot boxes, Ronsonol lighter fluid, and shipping labels to Malina Ana Vulpe, 7001 Synott Rd. #226, originating in Florida and Oklahoma.

CVS Organized Crime Retail investigators conducted an Electronic Article Surveillance (EAS) scan of the various boxes of OTC discovered within the residence. The EAS scans revealed multiple items activating, which indicated that the items were stolen. EAS is utilized by Organized Retail Crime investigators to scan for hidden security tags concealed within merchandise, which are normally deactivated after being purchased at the point of sale. Approximately $300 worth of stolen property was found in Mr. Awad's residence.

On March 1, 2018, HSI agents executed a search warrant at Cube Smart, 7001 Synott Rd. #226. Agents discovered two Home Depot boxes, addressed to Malina Ana Vulpe, originating from Maria Ortiz in Broken Arrow, Oklahoma. Found within the boxes were various stolen OTC, valued at $6,785. Gina Cortez confirmed that on February 22, 2018 she shipped two boxes containing stolen OTC that were found in Unit #226 from a Fedex store in Tulsa, Oklahoma to Mr. Awad in Houston, Texas.

The government examined Mr. Awad's bank accounts. The examination showed that Mr. Awad sold the purportedly stolen OTC medication to a company called Montaj, Inc. in Oceanside,

9

New York. During the course of the charged conspiracy, Montaj paid to Mr. Awad $3,135,147.

On February 15, 2019, the government seized Frost Bank account #XXXX0697, opened in the name of Mr. Awad, which contained $460,855.70. These funds represent proceeds of the violations of 18 U.S.C. § 2314. Mr. Awad agrees to forfeit this money.

Mr. Awad also agrees to forfeit the stolen over-the-counter medication and health and hygiene products seized from Cube Smart #226 and the Miller Glen residence on or about February 28, 2018.

## Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of

10

property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

20. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Restitution**

21. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay

11

payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

22.    Defendant stipulates and agrees that the Frost Bank account number ending in XXXX0697 and the over-the-counter medication and health and hygiene products seized from Cube Smart Unit #226 and the Miller Glen residence on or about February 28, 2018, as listed in the Second Superseding Indictment's Notice of Forfeiture, are subject to forfeiture, and Defendant agrees to the forfeiture of this property. Defendant and the United States reserve their rights under Federal Rule of Criminal Procedure Rule 32.2 to have the Court determine the forfeiture of the real properties located on Miller Glen Lane in Houston Texas, which are listed in the Second Superseding Indictment's Notice of Forfeiture.

23.    Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea regarding the Frost Bank account number ending in XXXX0697 and the over-the-counter medication and health and hygiene products seized from Cube Smart, Unit #226 and the Miller Glen residence on or about February 28, 2018, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of the Frost Bank account number ending in XXXX0697 and the over-the-counter medication and health and hygiene products seized from Cube Smart, Unit #226 and the Miller Glen residence on or about February 28, 2018 in any manner, including by direct appeal or in a collateral proceeding.

12

## Fines

25. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

26. This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against his and that he is pleading guilty freely and voluntarily because he is guilty.

27. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _October 30_, 2019.

Defendant

13

Subscribed and sworn to before me on _____ *October 30* _____, 2019.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By:

Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By:

Heather Winter
Assistant United States Attorney
Southern District of Texas

Dick DeGuerin
Attorney for Defendant

14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | **CRIMINAL NO. H-18-172-1** |
| | § | |
| **BILAL AWAD,** | § | |
| **Defendant.** | § | |

### PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines, which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____         October 30, 2019
Attorney for Defendant          Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____         October 30, 2019
Defendant                       Date

15